07-01-0392-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 15, 2001

EX PARTE CRISELDA ESPINOSA,

Relator

***ORIGINAL PROCEEDING***

Before Boyd, C.J., Quinn and Johnson, JJ.

Pending before the Court is a petition for writ of habeas corpus filed by Criselda Espinosa. Therein, she contends that her liberty is being unlawfully restrained via a void enforcement order. By letter dated October 4, 2001, this court informed the real party in interest, Shannon Sepeda, to respond to the petition "no later than October 11, 2001." To date, no response has been received. We grant the writ for the reason which follows.

Through her first point, Espinosa argues that the enforcement order which mandated her incarceration was void. It was allegedly so because she was not informed of her right to counsel when she appeared *pro se* at the hearing on Sepeda's motion to enforce. *See* TEX. FAM. CODE ANN. §157.163 (b) (Vernon 1996) (obligating the trial court to inform a respondent not represented by counsel of the right to such representation if it determines that incarceration is a possible result from entertaining a motion to enforce).

Sepeda had moved to enforce the terms of a prior court order specifying his visitation rights *viz-a-viz* his child. Espinosa allegedly impeded his enjoyment of those rights on numerous occasions and requested that she be "held in contempt, jailed, and fined for each violation . . . ."

Again, Espinosa appeared at the hearing without counsel. That the trial court was aware of this situation is indisputable because Espinosa had moved to continue the hearing so that she could obtain counsel, and whether to grant that motion was discussed in open court. The motion to continue was denied, and Espinosa was not informed of her right to appointed counsel. Because that admonishment was not afforded her, the "Order of Contempt" subsequently executed by the trial court is void. *Ex parte Acker*, 949 S.W.2d 314, 316 (Tex. 1997) (holding that the failure to provide such an admonishment renders the ensuing commitment void).

Accordingly, we conclude that the "Order of Contempt" signed on September 26, 2001 is void, and we order Criselda Espinosa discharged.


Brian Quinn
Justice


Do not publish.


2